1  DESAI LAW FIRM, P.C.
   Aashish Y. Desai, Esq. (SBN 187394)
2  Adrianne De Castro, Esq. (SBN 238930)
   3200 Bristol St., Suite 650
3  Costa Mesa, CA 92626
   Telephone:  (949) 614-5830
4  Facsimile:   (949) 271-4190
   aashish@desai-law.com
5  adrianne@desai-law.com

6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10

11 LEONARD LUNA, on behalf of himself  )   CASE NO.:
   and all others similarly situated,     )
12                                         )
               Plaintiffs,                 )
13                                         )   **CLASS ACTION COMPLAINT**
   v.                                      )
14                                         )   1)   **Violation of the Fair Credit**
   WAL-MART TRANSPORTATION, LLC,)              **Reporting Act of 1970, as**
15 an Arkansas Corporation, and DOES 1-10, )    **amended ("FCRA"), 15 U.S.C.**
   inclusive,                              )    **§ 1681 *et seq*.**
16                                         )
               Defendants.                 )
17                                         )
                                           )
18 _____)

19

20

21

22

23

24

25

26

27

28

                                     1

Plaintiff Leonard Luna on behalf of himself and all others similarly situated ("Plaintiff"), hereby files this nationwide Class Action Complaint against Defendant Wal-mart Transportation, LLC ("Wal-mart Transportation" or "Defendant") and DOES 1-10 (hereinafter collectively referred to as "Defendants") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681, *et seq*. Plaintiff is informed and believes, and on that basis, allege as follows:

## INTRODUCTION

1.    Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees.

2.    Defendant is, or should be, aware that the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FRCA"), sets forth strict disclosure and authorization requirements where employers use consumer reports for employment purposes.

3.    Defendant has willfully violated these requirements in systematic violation of the rights of Plaintiff and the other putative Class Members.

4.    15 U.S.C. § 1681b(b)(2)(A)(i) provides that an employer "may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless –

> (i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

> (ii)   the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person." (emphasis supplied).

5.    Defendant violated these sections when it did not provide Plaintiff or other putative Class Members with a clear and conspicuous disclosure in writing in a document that consists solely of the disclosure that a consumer report may be

1

obtained for employment purposes.  In fact, Defendant's preauthorization is embedded in a document that contains extraneous information such as a request to the applicant's previous employer to verify prior dates of employment and "drug and alcohol history."

6. Failure to provide a clear and conspicuous disclosure consisting solely of the disclosure that a consumer report may be obtained for employment purposes has been held as a violation of the FCRA by nearly every court to consider the issue.  *EEOC v. Video Only, Inc.*, 2008 WL 2433841 (D. Ore. June 11, 2008) (granting summary judgment where employer failed to provide "disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes"); *Singleton v. Domino's Pizza, LLC.*, 2013 WL 5506027 (D. Md. Oct. 2, 2013) (holding extraneous information in disclosure violates requirement that disclosure consist solely of the disclosure): *Reardon v. Closetmaid Corp.*, 2011 WL 1628041 (W.D. Pa. April 27, 2011) (certifying class of employees and prospective employees presented with FCRA disclosure forms that were not standalone documents).

7. The Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  The plain language also indicates that the inclusion of a liability release form violates the disclosure and authorization because such a form would not consist of "solely" of the disclosure.  In 1998, the FTC said in an public opinion letter:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA.  The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

FTC, Advisory Opinion to Hauxwell (06-12-98), **Exhibit "A."**

2

8.     Based on the foregoing, Plaintiffs assert FCRA claims against Defendant on behalf of themselves and a nationwide class of Defendant's employees and prospective employees.

## THE PARTIES

9.     Plaintiff is "consumer" as protected and governed by the FCRA and is a member of the Putative Class defined below.

10.     Defendant is an Arkansas Corporation with its principal place of business in Bentonville, Arkansas.  Defendant houses one of the largest fleets of truck drivers with over 160 distribution centers nationwide.  At all times relevant, Defendant was a "user" of the consumer report of Plaintiffs, as governed by the FCRA.

11.     Plaintiff sues Defendants DOES 1 through 10 under fictitious names. Their true names and capacities, whether individual, corporate, associate or otherwise, are unknown to Plaintiff.  When Plaintiff ascertains their true names and capacities, he will seek permission from this Court to amend the Complaint to insert the true names and capacities of each fictitiously named defendant.  Plaintiff is informed and believes that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that these defendants directly and proximately caused Plaintiff's damages.

12.     On information and belief, at all times relevant to this Complaint, Defendants, including the fictitiously named defendants, were the servants, employees, joint employers, integrated employers, alter egos, successors-in-interest, subsidiaries, affiliated companies or corporations, and joint venturers of the other Defendants, and were, as such, acting within the course, scope and authority of each other Defendant.  Plaintiff further alleges on information and belief that each of the Defendants acted in concert with, and with the consent of, each of the other Defendants, and that each of the Defendants ratified or agreed to accept the benefit of the conduct of each of the Defendants.

## JURISDICTION AND VENUE

13.    This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

14.    Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division, including contracting to supply goods and services in California.

## FACTUAL BACKGROUND

15.    On or about April 2016, Plaintiff Luna applied for a truck-driving job with Defendant.  As part of the application process, Defendant required Plaintiff Luna to complete a FCRA authorization contained within a so-called "Safety Performance History Record Request."   This form requests various forms of extraneous information and is, therefore, illegal.  *Syed v. M-1, LLC*, 853 F.3d 492 (9th Cir), *cert denied*, (Nov. 17, 2017).

16.    Defendant obtained Plaintiff's illegal authorization to submit to a pre-employment background check.  Then, as a result of an incomplete safety performance history, Luna was denied employment around April 2016.

17.    The background check disclosure and authorization language on the application includes extraneous information like requesting his previous employer to verify employment dates and seeking "drug and alcohol history" and, therefore, is not a standalone document under the FCRA.  *See, e.g.,* **Exhibit "B"** to Complaint (FCRA Notice Regarding Background Report for Leonard Luna).

18.    Defendant routinely conducts background checks on all of its job applicants as part of a standard screening process.  Defendant also conducts background checks on existing employees from time-to-time.

19.    Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes unless a clear and

1   conspicuous disclose has been made in writing that consists "solely of the

2   disclosure."

3        20.    By including extraneous information in its background check

4   disclosure and authorization form, Defendant willfully disregarded the FTC's

5   regulatory guidance and violated 15 U.S.C. § 1681b(b)(2)(A).

6        21.    Thus, and to the extent equitable, tolling operates to toll the claims by

7   the Class, the Class Period should be adjusted accordingly.

8   **CLASS ACTION ALLEGATIONS**

9        22.    Plaintiff asserts his claims on behalf of a nationwide putative class

10  defined as follows:

11

12  **STANDALONE DOCUMENT CLASS**:  All natural persons residing

13  in the United States (including all territories and other political
    subdivisions of the United States) who were the subject of a consumer

14  report or employment verification/investigation that was procured by
    Defendant (or that Defendant caused to be procured) within five years

15  of the filing of this Complaint through the date of final judgment in

16  this action under FCRA, 15 U.S.C. § 1681p.[1]

17

18       23.    This action has been brought and may properly be maintained as a

19  class action under Federal Rules of Civil Procedure Rule 23 because there is a well-

20  defined community of interest in the litigation and the proposed class is easily

21  ascertainable:

22       a.    *Numerosity*:  The potential members of the Class as defined are

23  so numerous that joinder of all the members of the Class is impracticable.

24  Defendant regularly conducts background checks on prospective and existing

25  employees.   Plaintiff believes that hundreds or even thousands of Defendant's

---

26  [1] Plaintiff may find it appropriate and/or necessary to amend the definition of the
    Class and/or create Subclasses as additional facts are discovered.  Plaintiff will

27  formally define and designate a class definition at such time when Plaintiff seeks to

28  certify the Class.

employees or prospective employees satisfy the definition of the Putative Class.

        b.    *Commonality*:  There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include without limitation:

      i.    Whether Defendant provides employees and prospective employees with a clear and conspicuous disclosure in writing in a document that consists <u>solely</u> of the disclosure that a consumer report or employment verification/investigation may be obtained for employment purposes before procuring (or causing to be procured) a consumer report or employment verification/investigation;

      ii.    Whether Defendant uses consumer reports or investigations to conduct background checks on employees and prospective employees;

      iii.    Whether Defendant's violations were willful as defined under the FCRA; and

      iv.    The proper measure of statutory damages.

        c.    *Typicality*:  Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.  The FCRA violations suffered by the Plaintiff are typical as Defendant treated all employees and prospective employees with its standard policies and practices.

        d.    *Adequacy Of Representation*:  Plaintiff will fairly and adequately represent and protect the interests of the Class Members.  Counsel is competent and experienced in litigating complex employment and consumer class actions.

e.      *Superiority Of Class Action*:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action since the unlawful conduct at issue is the same with respect to all Class Members.

24.    The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to such adjudication or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

25.    The prosecution of individual actions by Class Members could establish inconsistent standards of conduct for Defendant.

26.    Defendant has acted, or refused to act, in respects generally applicable to the Class as a whole, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the class as a whole, as requested herein.  Likewise, Defendant's conduct as described above is unlawful, continuing, and capable of repetition and will continue unless restrained and enjoined by the Court.

### FIRST CAUSE OF ACTION
### (15 U.S.C. § 1681b(b)(2)(A)(i) - FCRA)

27.    Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

28.    Defendant violated the FCRA by procuring (or causing to be procured) consumer reports or verifications/investigations for employment purposes without first providing Class Members with a clear and conspicuous disclosure in writing in

a document that consists <u>solely</u> of the disclosure that a consumer report may be obtained for employment purposes.

29.    The foregoing violations were willful.  Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the (i) plan language of the FCRA, (ii) in the promulgations of the Federal Trade Commission, and (iii) in well-established case law.  Defendant acted in deliberate and reckless disregard of its obligations to the rights of Plaintiff and other Class Members under 15 U.S.C. § 1681b(b)(2)(A)(i).  Defendant's willful conduct is reflected by, *inter alia*, the following facts:

a.    Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not (upon information and belief) contemporaneous evidence that it determined that its conduct was lawful;

b.    Defendant knew or had reason to know that its conduct was inconsistent with the FTC guidance and case law interpreting the FCRA and the plain language of the statute;

c.    Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that it was merely careless;

d.    Many class action cases have been filed and resolved on very similar issues thereby providing additional notice for Defendant and its legal/HR team(s).

30.    Plaintiff and the Class Members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n.

31.    Plaintiff and the Class Members are also entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.      Class Certification appointing the proposed Class Representatives and Class Counsel under FRCP Rule 23 or other similar provision;

2.      Issuing proper notice to the Putative Class at Defendant's expense;

3.      Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

4.      Awarding statutory damages as provided by the FCRA;

5.      Awarding reasonable attorneys' fees and costs pursuant to the FCRA and/or other applicable law; and

6.      Such other and further relief as this Court may deem appropriate.


Dated: February 14, 2018                       DESAI LAW FIRM, P.C.


                                       By:      /s/ Aashish Y. Desai
                                            Aashish Y. Desai
                                            Adrianne De Castro
                                            Attorneys for Plaintiffs

1    Plaintiff demands trial by jury on all issues so triable.

2

3

4    Dated: February 14, 2018                    DESAI LAW FIRM, P.C.

5

6                                          By: _____/s/ *Aashish Y. Desai*_____
                                               Aashish Y. Desai
7                                              Adrianne De Castro
                                               Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

//////////////////////

# Advisory Opinion to Hauxwell (06-12-98)

June 12, 1998

Richard W. Hauxwell, CEO
Accufax Div., Southwest
P.O. Box 35563
Tulsa, OK 74153-0563

Dear Mr. Hauxwell:

## Re: Sections 604 and 606 of the Fair Credit Reporting Act

This is in response to your letter asking for clarification of sections 604 and 606 of the Fair Credit Reporting Act ("FCRA"). You note that your company is a consumer reporting agency and that you are asking these questions on behalf of your clients. Your questions are addressed below in the order in which you presented them.

*1. Is it safe for us to assume, based on your opinion letter to Mr. Richard Steer, that we can combine the disclosure and release form, which includes applicant identifiers, in one form such as the enclosed sample?*

Section 604(b) of the FCRA requires any employer who intends to obtain a consumer report for employment purposes to disclose this to the applicant or employee (in a document that consists solely of the disclosure) and to obtain the applicant or employee's written permission. As noted in the letter you cited (Steer, 10/21/97), it is our position that the disclosure notice and the authorization may be combined. If they are combined, identifying information (such as date of birth, Social Security number, driver's license number, and current and former addresses) may be included in the form. However, the form should not contain any extraneous information.

While we believe that you may combine the disclosure and authorization (and include identifying information) as you have in the draft form that you included with your letter, we note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist "solely" of the disclosure that a consumer report may be obtained for employment purposes. Moreover, it is a general principle of law that benefits provided to citizens by federal statute generally may not be waived by private agreement unless Congress intended such a result. Brooklyn Savings Bank v. O'Neill, 324 U.S. 697 (1945). We note that no authorization for a waiver is contained in the FCRA; nor does the legislative history show that Congress intended that consumers should be able to sign away their legal rights under the Act.(1) Accordingly, employers and other users of information covered by the FCRA may not require consumers to waive their rights under the law.

*2. Our members would also like further clarification with regard to Section 606 as to when a Summary of Rights should be provided to the applicant. The language of the law is confusing.*

Section 606 of the FCRA mandates that specific procedures be followed when an investi-gative consumer report is requested by an employer or other user who has a permissible purpose to obtain the report. First, Section 606(a)(1)(A) requires any person procuring an investigative consumer report to disclose this fact to the affected consumer not later than three days after the date on which the report was first requested. Second, Section 606(a)(1)(B) requires that the dis-closure include a

statement of the consumer's right to obtain additional information and a copy of the summary of consumer rights prescribed by the Commission. Finally, Section 606(b) sets out the information that must be disclosed when the consumer requests a disclosure pursuant to Section 606(a)(1)(B).

The issue that you raise concerns exactly at what point the Commission's summary of rights must be sent. The language of Section 606(a)(1)(B) is not entirely clear in mandating that the disclosure "includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section [the nature and scope of the inves-tigation] and the written summary of the rights of the consumer prepared pursuant to section 609(c)." As you can see, the reference to the summary of rights comes after a reference to sub-part 606(b), but in a general discussion of the content of the sub-part 606(a)(1)(A) notice.

There are two possible interpretations of this ambiguous language: (1) that Congress in-tended for the summary to be sent with the initial Section 606(a)(1)(A) notice (that an investiga-tive consumer report has been or may be procured); or (2) that Congress intended that the sum-mary be provided with the subsequent Section 606(b) disclosure of the "nature and scope" of the investigation. The Commission's "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA," (2) states that the summary of rights should be provided with the Section 606(a) notice that an investigative consumer report has been or may be obtained. However, because the statutory language may be interpreted to require that the summary be sent with the subsequent Section 606(b) disclosure, it is unlikely that the Commission's staff would recommend any en-forcement action if the notice is sent with the Section 606(b) notice instead of the Section 606(a) notice.

**3. We would like your opinion regarding end-user organizations which procure criminal and other public record information for employment purposes directly from a federal, state, or county record repository. Would the government repository (agency) providing the information directly to the end-user organization ... requesting the information be considered a consumer reporting agency and subject to the same laws as a privately held consumer reporting agency?**

In general, information that is obtained by an employer directly from a federal, state or county record repository is not a "consumer report" because the repository (such as a courthouse or a state law enforcement agency) is not normally a "consumer reporting agency" and is itself not covered by the FCRA. The attached staff letters (Copple, 6/10/98; Goeke, 6/9/98) discuss this issue in more detail. Therefore, an employer who obtains information directly from a public record source is not subject to the FCRA as to that information. However, because of the fact that information in public record sources may be inaccurate or incomplete, we believe that em-ployers who use this type of information should voluntarily disclose to consumers the nature and substance of any public record information that they rely upon in taking any adverse action. If the information is, in fact, inaccurate or incomplete, the consumer may then take steps to correct the problem.

I hope that this information is helpful to you. The views that are expressed above are those of the Commission's staff and not the views of the Commission itself.

Sincerely,

William Haynes
Attorney
Division of Credit Practices

1. The FCRA is part of the Consumer Credit Protection Act, 15 U.S.C. § 1601. We note that the Truth In Lending Act, which is Subchapter I of the Consumer Credit Protection Act, does permit consumers to waive certain rights.

2. The Commission's notice may be found at 16 C.F.R. § 601, Appendix C (1997).

ftc.gov

# EXHIBIT B

MSG# 1601706537-007-1     PAGE 002 OF 002

 **FAXED** 4/21/16

 **Walmart** Transportation

## SAFETY PERFORMANCE HISTORY RECORD REQUEST

**TO BE COMPLETED BY THE PROSPECTIVE EMPLOYEE:**

LEONARD Anthony Luna
First, Middle, Last Name (printed)

Social Security Number          Date of Birth

**Previous Employer:** Dawson & Adkins

Street Address: ▓▓▓     Email:
City, State, Zip: ▓▓▓     Phone:

**Prospective Employer:** Walmart Transportation, LLC
Attn: Safety Recruiting
311 N. Walton Blvd
Bentonville, AR 72716

Secure Email: wmsvhr@walmart.com
Secure Fax: (888) 228-1270
Phone: (479) 277-3457

I hereby authorize my previous employer identified above to release information from my DOT alcohol and controlled substances testing records and the other information requested on this form to Walmart Transportation, LLC for the previous three (3) year period. This information is being requested in compliance with the Federal Motor Carrier Safety Regulations 49 CFR 40.25(g), 391.23 and 391.53 and the release of this information must be made in a written form that ensures confidentiality, such as fax, email or letter.

Applicant's Signature _____     Date 4-18-16

**TO BE COMPLETED BY PREVIOUS EMPLOYER**

Dates of employment with your company: From(m/y): 8/27/2012  To(m/y): Currently

Position Held: Driver   If Driver: ☐Tractor Trailer ☐Straight Truck ☒Other(specify) Car Hauler

Reason for leaving your company: ☐Discharged ☐Resignation ☐Lay Off  Currently Employed

**Accident History**

Accidents: If none, check: ☐

| Date | City &State/Description | # Fatalities | # Injuries | Hazmat | Non-Preventable | Preventable |
|---|---|---|---|---|---|---|
| 2/2/13 | Cerritos, CA Sideswipe | 0 | 0 | 0 | | ✓ |
| 7/16/15 | MiraLoma CA Sideswipe | 0 | 0 | 0 | | ✓ |

**Drug and Alcohol History**

If the driver was "NOT" subject to Department of Transportation Drug & Alcohol testing requirements, please check here: ☐

Under Department of Transportation testing requirements:  | Yes | No
1. Has this person had an alcohol test with a result of .04 or higher alcohol concentration? ☐ ☒
2. Has this person had a verified positive drug test? ☐ ☒
3. Has this person refused to be tested including verified adulterated or substituted drug test results? ☐ ☒
4. Has this person committed other violations of DOT agency drug and alcohol testing requirements? ☐ ☒
5. If applicable and the person violated DOT drug/alcohol regulations, do you have documentation of the person's successful completion of a SAP including return to duty and follow-up tests? If yes, please send documentation back with this form. N/A
6. If applicable, after successful completion of a SAP program, has the individual subsequently had a refusal to test or a verified positive breath alcohol or drug test?

Info provided by: Ellen Wrobel   Title: HR Dir   Date: 4/21/16

**TO BE COMPLETED BY PROSPECTIVE EMPLOYER**

This form was ☐Faxed ☐Mailed ☐Emailed ☐Telephone ☐Other _____

Recorded by: _____   Date: _____

WMW-2218

May 2015

Received Time Apr. 20. 2016  3:18PM No. 3383